# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARWIN DALE LANDES, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-14-190-R |
| TRACY MCCOLLUM, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Darwin Dale Landes, a state prisoner appearing pro se, filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 or Mandamus" ("Petition," Doc. No. 1). United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Having reviewed the Petition, the undersigned recommends that it be dismissed.

### BACKGROUND

In general, Petitioner seeks to challenge the execution of his sentence of imprisonment for life, asserting that such sentence is unconstitutionally indeterminate because the duration of his natural life cannot be known with specificity. *See* Pet. at 1-3. Liberally construed, Petitioner argues that Oklahoma law supports his contention that his sentence should be discharged after a fixed term of years. *See id.* at 1-3. Petitioner seeks "an order directing [R]espondent[] to correct [the] record to show . . . , for purposes of discharge, [that] [P]etitioner[']s life is set at 45 years." *Id.* at 3.

Petitioner asserts that "[a]n indeterminate sentence of life has been held unconstitutional" and that "the [Oklahoma] Legislature defines life as 18 to 60 years minus earned work credits, achievement and good time credits to discharge life sentences." *Id.* at 1; *see also id.* at 2 (asserting referenced legislation was enacted in 1997). Petitioner further asserts that "[s]ince 2006, all state courts, when imposing life sentences, have set 45 years as life to discharge it" but that such a sentence could be served in as few as 38 years. *See id.* at 1-2. Finally, Petitioner contends that the Oklahoma Legislature should be required to establish a specific term of years in defining a life sentence and that, absent such definition, Petitioner is entitled to an order retroactively setting his sentence for a specific term of 45 years. *See id.* at 2-3.

Petitioner states that he has not exhausted his state court remedies because "it would be futile . . . , as other prisoners have attempted to do so," and that "this state's courts refuse to comply with *their own* court rules and constitution." *Id.* at 1 (citation omitted); *see also id.* at 2 (asserting that certain arguments raised by Petitioner have been raised by "many prisoners" "only to be denied without any opposing argument or hearing" because the state court "usually . . . declines jurisdiction").[1] Petitioner cites no specific authority or examples as to these contentions. *See id.* at 1-3.

---

[1] Petitioner cites "120. S §1334" as the rule with which Oklahoma state courts allegedly refuse to comply. Pet. at 1. It appears that Petitioner is referring to Section 1334 of Title 12 of the Oklahoma Statutes, which is related to the writ of habeas corpus:

> The writ shall be directed to the officer or party having the person under restraint, commanding him to have such person before the court, or judge,

ANALYSIS

Although Petitioner does not state the details of his conviction and sentence, the undersigned takes judicial notice of the fact that Petitioner was convicted of first-degree murder in 1984 and sentenced to imprisonment for life. *See Landis v. State*, 733 P.2d 883, 884 (Okla. Crim. App. 1987) (affirming Petitioner's conviction and sentence in *State v. Landes*, No. CRF-83-1264 (Tulsa Cnty. Dist. Ct. filed Apr. 7, 1983)).[2] As detailed above, Petitioner's argument is not a challenge to his underlying conviction or his sentence of life imprisonment; rather, Petitioner challenges what "life imprisonment" means, contending that the Oklahoma Department of Corrections ("ODOC") should be ordered to treat his sentence as one for a fixed number of years rather than for the duration of his natural life. *See* Pet. at 3. This is most properly a challenge to the *execution* of Petitioner's life sentence, meaning his Petition is properly brought under 28 U.S.C. § 2241. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002).

A § 2241 petitioner must establish that he or she is being held in state custody in violation of the United States Constitution or other federal law. *See* 28 U.S.C. § 2241(c)(3). Further, the petition generally must be filed prior to expiration of the

---

> at such time and place as the court or judge shall direct, to do and receive what shall be ordered concerning him and have then and there the writ.

Okla. Stat. tit. 12, § 1334.

[2] According to publicly available records of the Oklahoma Department of Corrections, Petitioner is currently incarcerated pursuant to this conviction, i.e., the judgment and sentence in Case No. CRF-83-1264 (Tulsa Cnty. Dist. Ct. filed Apr. 7, 1983). Petitioner's surname is misspelled as "Landis" in the Oklahoma Court of Criminal Appeals' opinion.

3

applicable statutory limitations period and upon the petitioner's exhaustion of available state remedies. *See Dulworth v. Evans*, 442 F.3d 1265, 1268-69 (10th Cir. 2006); 28 U.S.C. § 2244(d)(1). However, a federal court may in its discretion address the merits of the petition even if those requirements have not been met. *See Day v. McDonough*, 547 U.S. 198, 207-10 (2006); *Montez v. McKinna*, 208 F.3d 862, 864-66 (10th Cir. 2000). Here, because Petitioner's contentions may readily be resolved on their merits, the undersigned begins—and ends—his analysis by directly addressing those contentions.

Contrary to some of Petitioner's assertions, a life sentence in Oklahoma is simply that—a convicted offender is to be detained in ODOC's custody for the remainder of his or her natural life, unless granted parole.[3] *See* Pet. at 1; Okla. Stat. tit. 21, § 701.9(A) (setting forth punishment for murder); *id.* tit. 57, § 332.7(A) (setting forth parole consideration criteria for persons in ODOC custody for crimes committed before July 1, 1998); *Taylor v. State*, 248 P.3d 362, 378 (Okla. Crim. App. 2011) (reiterating that a person sentenced to life imprisonment is not automatically released after a fixed amount of time and further emphasizing that release is never guaranteed or required). Although Petitioner is correct that in 1997 the Oklahoma Legislature passed legislation defining "life imprisonment" as "a period of not less than eighteen (18) years nor more than sixty

---

[3] At the time Petitioner was convicted, the sentencing options under Oklahoma law for first-degree murder presented a choice between life imprisonment and death; the option of life imprisonment without the possibility of parole had not yet been enacted. *See Trice v. State*, 912 P.2d 349, 352 n.11 (Okla. Crim. App. 1996).

4

(60) years," this provision was repealed in 1999 before taking effect.[4] *See* Pet. at 1, 2; Oklahoma Truth in Sentencing Act, ch. 133, § 4(6), 1997 Okla. Sess. Laws 501, 512 (to be codified at Okla. Stat. tit. 21, § 14(6)), *amended by* Truth in Sentencing—Amendments—Change of Effective Dates, ch. 2, § 23, 1998 Okla. Sess. Laws 2538, 2564, *repealed by* Truth in Sentencing—Repealer, ch. 5, § 452, 1999 Okla. Sess. Laws 2328, 2535; *see Easterwood v. Beck*, 247 F. App'x 145, 147 (10th Cir. 2007); *see also* Truth in Sentencing Act—Clarification of Intent of House of Representatives—Statement of Response of the Senate to Actions by the House, H.R. Res. 1044, 47th Leg., 1st Reg. Sess., 1999 Okla. Sess. Laws 2259.[5]

Petitioner also references the Oklahoma Pardon and Parole Board's policy of considering a life sentence as one for 45 years. It is correct that the Oklahoma Pardon and Parole Board has used 45 years as its benchmark to calculate when a prisoner is eligible for parole in light of any applicable provision requiring the prisoner to serve a

---

[4] Even if this provision had taken effect, its applicability would have been prospective only. *See Duncan v. Champion*, No. 99-6029, 1999 WL 1009572, at *1 (10th Cir. Nov. 8, 1999). Thus, such provision would not have provided a mechanism for amendment of Petitioner's life sentence.

[5] Aside from the language of Okla. Stat. tit. 21, § 701.9(A) authorizing a punishment of "imprisonment for life" for first-degree murder, and the absence of any current Oklahoma statute establishing a term of years for a life sentence, the fact that Oklahoma defines a life sentence as the full remainder of the prisoner's natural life may be seen in Section 62.1 of Title 21 of the Oklahoma Statutes. That statute provides that upon a conviction of certain crimes that are punishable by a range of years of imprisonment with no upper limit, an Oklahoma court "may, in its discretion, sentence such offender to imprisonment during the natural life of the offender, or for any number of years not less than such are prescribed." Okla. Stat. tit. 21, § 62.1. The statute's reference to a prisoner's "natural life" would be inapposite if Oklahoma defined life imprisonment as being for a fixed term of years.

5

certain portion of his or her sentence. *See Roy v. State*, 152 P.3d 217, 225 n.28 (Okla. Crim. App. 2006); *Anderson v. State*, 130 P.3d 273 (Okla. Crim. App. 2006). Further, in response to a directive in *Anderson*, and Oklahoma's adoption of a statute requiring prisoners convicted of certain crimes to serve at least 85% of a sentence of imprisonment,[6] the Oklahoma pattern criminal jury instructions were amended in 2006 to include an instruction regarding parole eligibility upon a sentence of life imprisonment. *See* Okla. Unif. Crim. Jury Instruction No. 10-13B (2d ed. 1996 & Supps.). That instruction reflects the current policy of using 45 years as a benchmark when calculating parole eligibility for a prisoner serving a life sentence. *Id.* ("If a person is sentenced to life imprisonment, the calculation of eligibility for parole is based upon a term of forty-five (45) years, so that a person would be eligible for consideration for parole after thirty eight (38) years and three (3) months.").[7] These events, however, do not alter the facts that parole is discretionary under Oklahoma law and that the term of a sentence of life imprisonment in that State is, as outlined above, the duration of the prisoner's natural life.

The above discussion is merely to state that Petitioner is, at times, imprecise in his description of Oklahoma law regarding the duration of a sentence of life imprisonment. The more pertinent point is that Petitioner has not established that he is being held in state

---

[6] Oklahoma's "85% Rule" was adopted in 2000 and does not apply to Petitioner, who was convicted prior to that date. *See* Okla. Stat. tit. 21, § 13.1.

[7] The referenced policy does not have the force of statute and is subject to change. Thus, the committee note for Oklahoma Uniform Criminal Jury Instruction No. 10-13B provides that the language of the instruction should be updated if there is any change in such policy. *See* Okla. Unif. Crim. Jury Instruction No. 10-13B & cmt.

custody in violation of *federal* law, as required for a writ of habeas corpus to issue under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3). Petitioner's assertion that an indeterminate life sentence violates, in some unspecified manner, the United States Constitution or some other federal law is not supported by any relevant authority.[8] The United States Supreme Court has upheld the constitutionality of sentences for the duration of an offender's natural life when such sentences were not grossly disproportionate to the crime committed. *See Ewing v. California*, 538 U.S. 11, 20-24, 28-31 (2003) (discussing relevant jurisprudence and upholding sentence of 25 years to life imprisonment for repeat felony offender); *see also Harmelin v. Michigan*, 501 U.S. 957, 966-85 (1991). Moreover, federal statutory law expressly permits a sentence of imprisonment for the duration of an offender's natural life upon conviction of certain crimes, including first-degree murder. *See* 18 U.S.C. §§ 1111(a)-(b), 3559(a)(1),

---

[8] Petitioner references a 2006 decision of the Ohio Supreme Court, which he alleges established "life imprisonment" as a term of 45 years and resulted in the release of over 100 prisoners who had previously been sentenced to life imprisonment without the possibility of parole. *See* Pet. at 2. It appears that Petitioner is referring to, although mischaracterizing, the decision in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), *abrogated in part by Oregon v. Ice*, 555 U.S. 160 (2009), in which the Ohio Supreme Court addressed the constitutionality of Ohio's truth-in-sentencing-based felony sentencing scheme. *See also In re Ohio Criminal Sentencing Statutes Cases*, 847 N.E.2d 1174 (Ohio 2006) (applying *Foster* to pending appeals and certified conflicts en masse). Petitioner's legal arguments on this point are unfounded and unrelated to Oklahoma law, precluding any meaningful discussion of the matter.

3581(b)(1). Because Petitioner has not stated a cognizable claim under 28 U.S.C. § 2241, his Petition should be dismissed without prejudice.[9]

RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition be dismissed without prejudice.

NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by November 10, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case. The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation to Respondent and to the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us. *See* Rules 1(b), 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[9] Given this recommendation, the undersigned declines to address other potential grounds for dismissal such as the timeliness of the Petition or whether Petitioner has failed to properly exhaust state remedies. *See Day*, 547 U.S. at 207-10; *Montez*, 208 F.3d at 864-66.

ENTERED this 20th day of October, 2014.

                                                                                     */s/ Charles B. Goodwin*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE